# H. SELLING, Trustee,

*vs.*

# OBEDIAH KIMMELL.

---

1. Where personal property is claimed to have been conveyed to a trustee and is afterwards levied on to satisfy a judgment against the grantor, replevin by the trustee is the proper remedy to try the title to the property.
2. A deed of trust of merchandise which professes to be made to secure a promissory note, but which permits the grantor to retain possession of the property and "to use and enjoy" the same until default be made in the payment of the note, is fraudulent and void as to creditors.
3. To constitute a valid deed of trust of personal property to secure a debt it must look alone to that object. If it contain provisions intended to enable the maker of it to secure the use and enjoyment of the property for himself and by means thereof plainly tends to defraud, hinder or delay other creditors, the deed is void and it is the duty of the Court to decide this question for itself and not to leave it to the jury.

Law No. 4098. Decided June 1, 1868.

MOTION for a new trial on exceptions taken in an action of replevin.

THE FACTS are fully stated in the opinion.

MR. J. B. ADAMS for plaintiff.

MR. A. G. RIDDLE for defendant.

MR. JUSTICE WYLIE delivered the opinion of the Court:

The amount of property involved in this controversy is very inconsiderable, but the principle is one of great interest and importance. On the 28th of February, 1867, one Elias Heidenheimer assigned to one Henry Selling (the

*35*

plaintiff in this cause) " all and singular the goods and chattels, wares and merchandise," named and described in. the schedule, marked "A" and hereunto annexed, and lying and being situate in a certain messuage, or tenement and premises on Seventh Street, between L and M Streets, and No. 304 E street, between Twelfth and Thirteenth Streets west, in the City of Washington, and occupied by the said party of the first part *as a jewelry store,* in trust to one Eva Heidenheimer, to secure his promissory note held by her of even date with the deed of assignment, for the sum of $2,000 with interest, payable five years after date; and in trust to suffer and permit the said party of the first part to retain possession of, *use and enjoy the said goods and chattels, wares and merchandise,* until default made in the payment of said promissory note, or until one quarter's rent of the premises containing said goods, &c., or other premises to which they might be removed, should become due and owing, and so remain due and owing for the space of ninety days, or should suffer any judgment to be recovered, and execution thereon issued and levied on said goods, chattels, &c., and in either of these events the trustee was to take possession of the property, make sale thereof at public auction, and after paying the expenses of the trust from the proceeds pay the debt due to Eve Heidenheimer, and then, if any thing be left, release to the party of the first part."

The property thus assigned consisted of three dozen clocks, two dozen silver watches, seven gold watches, one half dozen gold rings, five dozen plated rings, one lot of jewelry, one dozen spectacles, one dozen knives, one dozen pocket books, lot brushes, two show cases, twenty-four yards carpeting, three-fourth dozen chairs, one sofa and one bureau valued at $2,000.

The defendant is a county constable, and levied on a small part of the property thus described to satisfy an execution in his hands, issued under a judgment in favor of one of

Heidenheimer's creditors. The trustee (Snelling) thereupon replevined the goods from the constable, which is the proper form of remedy under our law in such cases.

On the trial below the Court submitted the question of fraud in the deed of trust to the decision of the jury, who found in favor of the plaintiff, thus sustaining the deed.

The defendant excepted to this ruling of the Court, and has assigned for error; that the Court below ought to have told the jury that the deed was fraudulent in law upon its face. And we think the Court below ought so to have decided.

The goods in question were articles of merchandise described in the deed as " goods and chattels, wares and merchandise." They were in the store or shop of the grantor (Heidenheimer) exposed for sale. The deed expressly allowed Heidenheimer " to retain possession of, use and enjoy the same." Articles of this description could not be " used and enjoyed," except in their proceeds after sale. The deed then allowed Heidenheimar to make sale of the property and use and enjoy its proceeds during the whole period of five years until his note should fall due, unless in the mean time he should fall behind in paying his rent or some diligent creditor should obtain judgment, and issue and levy execution on the property, when the deed was to spring into life and defeat the claim of his landlord or other creditor. He might sell the property and make use of the proceeds for his own purpose as fully as though no deed of trust had been made, and yet the very creditors from whom it may have been purchased on credit were to be hindered and delayed, if not defrauded, of their claims by means of this contrivance, which was to fullfil the doubtful purpose of leaving the complete enjoyment and disposal of the property in the hands of the debtor, and seek to discharge it from the liabilities of property as in other cases.

Another objection fatal to this deed appears upon its

face. The property enjoyed was not capable of identification from any description in the deed or schedule. We have copied above the schedule at length, which shows on its face that not one of the articles enumerated could be removed in an action of replevin or detainer by the trustee if he were put to his action to recover the property.

For these reasons we think the deed of trust in this case is void on its face, and that the Court below erred in submitting that fact as a question for the consideration of the jury.

It is not our intention to express any opinion on questions not involved in the case before us.

Whether it be possible for a debtor to make a deed of trust assigning a stock of goods to secure a debt not payable, either principal or interest, till after five years, and in the meantime to retain the power to carry on business as formerly, is not likely to be a practical question much longer, in consequence of the passage of the bankrupt law. An absolute sale of personal property, even for a full and valuable consideration, is void in law, as against creditors and purchasers, unless the possession accompany the sale to the purchaser, and remain with him afterwards. But the owner of personal property may incumber his title to it with a mortgage or a deed of trust, and yet remain in possession if the deed be duly recorded. But he cannot do two things which are inconsistent one with the other. He cannot make a deed of trust which will leave him in possession and with the same powers to manage, "*use and enjoy*" the property as though it were his own. If the deed of trust confer these rights upon him, they are rights which belong only to an absolute owner, and property so held is responsible to his creditors, as though he held it absolutely and the deed is void on its face. To constitute a valid deed of trust of personal property to secure a debt, it must look

alone to that object. If it contain provisions intended to enable the maker of it to secure the use and enjoyment of the property for himself, and by means thereof plainly tends to defraud, hinder, or delay other creditors, the deed is void, and it is the duty of the Court to decide the question for itself and not to leave it to the uncertain arbitrament of a jury. "Fraud in fact," says Ch. Kent, "is reluctantly drawn by a jury, and their sympathies must be overcome by strong and positive proof before they will readily assent to the existence of a fraudulent intent, which is so difficult to ascertain, and, frequently, so painful to infer."